IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**DONALD WEBER and JANE WEBER,**

        Plaintiffs,

v.                                                           Civil Action No. 3-13-CV-158
                                                                             (BAILEY)

**WELLS FARGO BANK, N.A.,**
**d/b/a WELLS FARGO HOME MORTGAGE,**

        Defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
## COUNTS I AND II OF PLAINTIFFS' COMPLAINT

Pending before this Court is the defendant's Motion to Dismiss Counts I and II of Plaintiffs' Complaint [Doc. 3], filed November 5, 2013. The motion is now ripe for decision. This Court has reviewed the record and the motion and, for the reasons set out below, finds that the defendants' motion should be **GRANTED**.

## BACKGROUND

### I. Factual Allegations

Plaintiffs Donald and Jane Weber allege the following facts in the Complaint, filed as an attachment to the Notice of Removal [Doc. 1-3]. On July 9, 2004, the plaintiffs entered into an adjustable rate home mortgage loan with the defendants ("Wells Fargo"). (Id. at ¶ 8). As part of this transaction, the plaintiffs executed a Deed of Trust in favor of Wells Fargo to secure the home mortgage loan. (Id. at ¶ 9).

In 2005, the plaintiffs encountered financial difficulties and fell behind on payments of the note. (Id. at ¶ 10–11). As a result, the plaintiffs requested a loan modification in

2006. (Id. at ¶ 18). The modification request was denied on November 22, 2006. (Id. at ¶ 23). The plaintiffs continued to seek a loan modification, and the defendant offered the plaintiffs a modification in January 2007. (Id. at ¶¶ 24, 26, 31). However, the defendant did not comply with the modification agreement. (Id. at ¶ 32). The plaintiffs continued to seek a loan modification, and the defendant again approved a modification in December, 2008, but again did not comply with the modification. (Id. at ¶¶ 33–36).

In June 2010, in response to being contacted by defendant's representative, the plaintiffs sent the defendant updated income records and a hardship letter. (Id. at ¶¶ 44–46). Despite this, the defendant denied the plaintiffs' request for mortgage assistance on the ground that the plaintiffs had not submitted the requested documents, and referred the plaintiffs' account to Samuel I. White, PC and Seneca Trustees, LLC, for foreclosure. (Id. at ¶¶ 47–48).

In November 2010, the plaintiffs paid $9,352.48 to bring their loan current and prevent foreclosure, and thereafter made monthly payments to the defendant for the next year, while continuing to seek a loan modification. (Id. at ¶¶ 50, 54–55).

In February 2011, the defendant approved the plaintiffs for assistance under the Home Affordable Unemployment Program, and instructed the plaintiffs to make payments of $653.48 on the first of each month for the following six months. (Id. at ¶ 57). The plaintiffs made each payment as required, but the defendant wrote to the plaintiffs stating that they would not credit the payment received on August 1, 2011, and sent the plaintiffs multiple letters claiming that the plaintiffs were delinquent. (Id. at ¶¶ 59–64).

In August 2011, the defendant approved the plaintiffs for an extension of assistance under the Home Affordable Unemployment Program, again instructing the plaintiffs to make

payments of $653.48 for the following three months. (Id. at ¶¶ 67–68). The plaintiffs made each of the payments in a timely fashion. (Id. at ¶ 69).

In November 2011, the defendant's agent told the plaintiffs to stop making monthly payments while their modification application was pending. (Id. at ¶ 73). From January to February 2012, the defendant then requested that the plaintiffs submit documents in connection with the loan modification request. (Id. at ¶¶ 74–77). The plaintiffs submitted the documents, but the request for mortgage assistance was denied, and the defendant claimed it was unable to contact the plaintiffs. (Id. at ¶¶ 78–79). During the following two months, the plaintiffs and defendant corresponded regarding documents required to support the mortgage assistance application, but despite the plaintiff supplying the documents to the defendant, on May 17, 2012, the defendant informed the plaintiffs that the loan had been referred to Golden and Amos, PC, for foreclosure. (Id. at ¶¶ 80–88).

For the following fifteen months, the plaintiffs and defendants exchanged numerous phone calls, facsimiles, and letters as the plaintiffs continued to seek loan modification. (Id. at ¶¶ 89–195). This included multiple letters from Golden and Amos, stating that the loan was in default and would be sold at foreclosure, although the foreclosure sale never occurred. (Id.). Throughout the entire history of the loan, the defendant assessed plaintiffs' loan account for various amounts for attorney's fees, mailing costs, recording fees, foreclosure reinstatement, and title costs, among other fees.

## II.  Procedural History

On October 25, 2013, the plaintiffs filed suit against Wells Fargo in the Circuit Court of Berkeley County, West Virginia. The Complaint contains six causes of action: (1) negligence; (2) breach of duty of good faith and fair dealing; (3) unfair and deceptive

mortgage loan practices; (4) unfair debt collection practices under the West Virginia Consumer Credit and Protection Act ("WVCCPA"), W.Va. Code § 46A-1-1, *et seq.*; (5) violation of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691, *et seq.*; and (6) breach of contract.

On November 5, 2013, Wells Fargo removed the above-styled action to the United States District Court for the Northern District of West Virginia basing jurisdiction upon complete diversity and the federal question presented by the ECOA cause of action [Doc. 1]. The same day, Wells Fargo filed the instant Motion to Dismiss Counts I and II of Plaintiff's Complaint [Doc. 3], arguing that the plaintiffs fail to state a claim upon which relief can be granted.

On November 14, 2013, the plaintiffs filed their Response in Opposition [Doc. 11], arguing that they have stated claims which should survive a 12(b)(6) motion. The defendants filed a Reply on November 19, 2013 [Doc. 13].

## DISCUSSION

**I.  Applicable Standard**

A 12(b)(6) motion must be treated as a motion for summary judgment under Federal Rule of Civil Procedure 56(c) where "matters outside the pleadings are presented to and not excluded by the court." Fed. R. Civ. P. 12(d). In this regard, a court ruling on a motion to dismiss may consider any documents integral to and relied on in the complaint– regardless of whether those documents are actually attached to the complaint. *See* **Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.**, 367 F.3d 212, 234 (4th Cir. 2004).

In assessing a Rule 12(b)(6) motion for failure to state a claim, the court must accept the factual allegations contained in the complaint as true. ***Advanced Health-Care Servs., Inc. v. Radford Cmty. Hosp.***, 910 F.2d 139, 143 (4th Cir. 1990). A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is *plausible* on its face." ***Bell Atl. Corp. v. Twombly***, 550 U.S. 544, 570 (2007) (emphasis added).

"A complaint need only give 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" ***In re Mills***, 287 Fed.Appx. 273, 280 (4th Cir. 2008) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Id.* (internal quotations and citations omitted). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancements." ***Ashcroft v. Iqbal***, 556 U.S. 662, 883–84 (2009).

II. <u>Analysis</u>

    A. **Negligence (Count I)**

In Count I, the plaintiffs claim that Wells Fargo committed negligence by failing to process their request for a loan modification in a "timely and efficient manner." [Doc. 1-3 at ¶¶ 196–99). In moving to dismiss this claim, Wells Fargo argues that any duties arising between the parties were contractual in nature and cannot give rise to a negligence claim under West Virginia law.

> In West Virginia, a plaintiff 'cannot maintain an action in tort for an alleged breach of a contractual duty.' ***Lockhart v. Airco Heating & Cooling***, 567 S.E.2d 619, 624 (2002). Instead, '[t]ort liability of the parties to a contract arises from the breach of some positive legal duty imposed by law *because of the relationship of the parties*, rather than from a mere omission to perform a contract obligation. ***Id.*** (emphasis added). The West Virginia Supreme Court of Appeals has referred to this relationship as a 'special relationship' between the parties. *See, e.g.,* ***Aikens v. Debow***, 541 S.E.2d 576, 589 (2000). 'The existence of a special relationship will be determined largely by the extent to which the particular plaintiff is affected differently from society in general.' ***Id.*** 'In the lender-borrower context, courts consider whether the lender has created such a 'special relationship' by performing services not normally provided by a lender to a borrower.' ***Warden v. PHH Mortgage Corp.***, 2010 WL 3720128, at *9 (N.D. W.Va. Sept. 16, 2010) (citing ***Glascock v. City Nat'l Bank of W.Va.***, 576 S.E.2d 540, 545–56 (2002)).

***Koontz v. Wells Fargo, N.A.***, 2011 WL 1297519, *11 (S.D. W.Va. Mar. 31, 2011).

Here, the plaintiffs fail to allege that Wells Fargo provided a service not normally provided by a loan servicer in its position. The plaintiffs' Response contends that Wells Fargo entered into a Consent Judgment under which it assumed a set of duties separate and distinct from any imposed by just a mortgage contract [Doc. 11 at 3–6]. According to the plaintiffs, the duties in the Consent Judgment included 1) assigning an employee as a single point of contact to the plaintiffs' account; 2) providing accurate information to borrowers regarding the modification process; 3) ceasing all collection efforts while a modification decision is pending; and 4) providing written acknowledgment of documentation submitted by the borrower [Id.].

The defendant's Reply states that the plaintiffs did not plead a claim based on the Consent Judgment in their Complaint, and additionally that the plaintiffs do not have standing to assert a claim based on the Consent Judgment because they were not a party

to it and because the Consent Judgment does not create a private right of action [Doc. 13].

The plaintiffs do not have standing to assert a claim based on the Consent Judgment. See **Rehbein v. CitiMortgage, Inc.**, 937 F. Supp. 2d 753, 764 (E.D. Va. 2013). Accordingly, the plaintiffs have failed to plead a special relationship that would create an independent duty sounding in tort. The only remaining duties between the parties are contractual, and they cannot provide the basis of a negligence action. See **Koontz**, 2011 WL 1297519, at *11. Accordingly, Count I (Negligence) is hereby **DISMISSED**.

### B. Breach of Implied Covenant of Good Faith and Fair Dealing

In Count II, the plaintiffs claim that Wells Fargo breached the covenant of good faith and fair dealing with respect to plaintiffs' mortgage loan account.

West Virginia law implies a covenant of good faith and fair dealing in every contract, but not as a stand-alone cause of action separate from a breach of contract claim. **Corder v. Countrywide Home Loans, Inc.**, 2011 WL 289343, *4 (S.D. W.Va. Jan 26, 2011) (Copenhaver). A claim for breach of the implied covenant of good faith and fair dealing can only survive if the borrower pleads an express breach of contract claim. See **Clendenin v. Wells Fargo Bank, N.A.**, 2009 WL 4263506, *5 (S.D. W.Va. Nov. 24, 2009) (Goodwin) (holding that a bad faith claim "will live or die by the [express] breach-of-contract claim . . . .").

Applying the above principles to this claim, this Court concludes that the plaintiff has failed to state a claim as a matter of law. In particular, the plaintiffs have failed to make any allegation that Wells Fargo violated an express term of the loan agreement in bad faith. As such, this is a stand-alone bad faith claim which is not recognized in West Virginia.

Accordingly, Count II (Breach of Good Faith and Fair Dealing – Mortgage Loan) is hereby **DISMISSED**.

## CONCLUSION

For the foregoing reasons, this Court concludes that the defendant's Motion to Dismiss **[Doc. 3]**, should be, and hereby is, **GRANTED**.

It is so **ORDERED**.

**DATED:** January 15, 2014.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE