IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

DONALD WEBER and
JANE WEBER,

    Plaintiffs,

    v.                                      Civil Action No. 3:13CV158
                                                  (JUDGE BAILEY)

WELLS FARGO BANK, N.A.,
d/b/a WELLS FARGO HOME MORTGAGE,

    Defendant.

## ORDER GRANTING IN PART PLAINTIFFS' MOTION TO COMPEL

### I. INTRODUCTION

On April 15, 2014, came the above named Plaintiffs, by Garry G. Geffert, Esq., by telephone, and Defendant Wells Fargo Bank, N.A. ("Defendant"), by Matthew D. Patterson, Esq., by telephone, for an evidentiary hearing and argument on Plaintiffs' Motion to Compel Answers to Interrogatories [28] and Plaintiff's Motion to Compel Production of Documents [27]. Defendant filed a Response [42] on April 3, 2014. Plaintiffs filed a Reply [43] and [44] on April 11, 2014 and then a Supplemental Reply [45] and [46] on April 14, 2014. No additional testimony or evidence was presented at the hearing. At the conclusion of the hearing, the court deferred ruling on the motion. Based on the record and the argument of the parties, the Court now issues the following ruling.

### II. DISCUSSION

This case revolves around Defendant's handling of Plaintiffs' home mortgage loan account and attempted modifications thereof. On March 10, 2014, the Plaintiffs filed a Motion to Compel

1

Interrogatories [28] and a Motion to Compel Requests for Production of Documents [27]. The parties have since resolved all discovery issues in those motions except for the Response to Interrogatory 6 and Responses to Document Requests 22 and 24.

*A. Interrogatory #6 and Request for Production of Documents #24*

With this framework established, the Court will address interrogatory number six (6) and request for production twenty-four (24) as those discovery issues relate to each other.

> **Interrogatory 6:** For each lawsuit filed against defendant during the period beginning January 1, 2006 and continuing to the present in which a plaintiff has alleged that an agent of defendant told a borrower that the borrower should stop making monthly payments while a request for a mortgage loan modification was pending, state the name of each plaintiff, the court in which the complaint was filed, the case number assigned to the case, the name and address of each attorney for each plaintiff, and the current status of the litigation.
>
> **Defendant's Answer**: As a result of this Court's recent dismissal order, punitive damages are no longer at issue in this case. Thus, Wells Fargo objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence. Wells Fargo further objects on the basis that the information sought in this interrogatory may be publicly available.
>
> **Defendant's Supplemental Answer**: As a result of this Court's recent dismissal order, punitive damages are no longer at issue in this case. Thus, per its earlier objections, Wells Fargo objects to this interrogatory on the grounds that it does not seek relevant or admissible information. While other claims and lawsuits might be relevant under certain circumstances where punitive damages are at issue, since they are absent here as a result of this Court's dismissal, the putative relevance of such information has now been removed. See e.g., Caton v. GreenTree Services, LLC, 2007 U.S. Dist. LEXIS [56515] (N.D.W.Va. 2007) (finding specifically that requests for other lawsuits become relevant only on issue of punitive damages.) Furthermore, per its earlier objections regarding over breadth, there is no geographic limitation on the requested information and the temporal scope is overly broad

inasmuch as it requests information stretching back for nearly a decade. Finally, Wells Fargo maintains its objection that some of the information sought in this interrogatory may be publicly available.

**Request 24.** For each lawsuit filed against defendant during the period beginning January 1, 2006 and continuing to the present in which a plaintiff has alleged that an agent of defendant told a borrower that the borrower should stop making monthly payments while a request for a mortgage loan modification was pending, a copy of the complaint and, if the litigation has been completed, of any judgment or other order terminating the litigation and of any settlement agreement, release of claims or similar document resolving the dispute.

**Defendant's Response:** As a result of this Court's recent dismissal order, punitive damages are no longer at issue in this case. Thus, Wells Fargo objects to this request on the grounds that it is overly broad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence. Wells Fargo further objects on the basis that the information sought in this request may be publicly available

**Defendant's Supplemental Response:** As a result of this Court's recent dismissal order, punitive damages are no longer at issue in this case. Thus, per its earlier objections, Wells Fargo objects to this interrogatory on the grounds that it does not seek relevant or admissible information. While other claims and lawsuits might be relevant under some circumstances where punitive damages are at issue, since they are absent here as a result of this Court's dismissal, the relevance of such information has now been removed. See e.g., Caton v. GreenTree Services, LLC, 2007 U.S. Dist. LEXIS (N.D.W.Va. 2007) (finding specifically that requests for other lawsuits becomes relevant only on issue of punitive damages.) Furthermore, per its earlier objections regarding overbreadth, there is no geographic limitation on the requested information and the temporal scope is overly broad inasmuch as it requests information stretching back for nearly a decade. Finally, Wells Fargo maintains its objection that some of the information sought in this interrogatory may be publicly available.

Plaintiffs further asserted during the hearing that there is a particular allegation in their

complaint that a Wells Fargo agent told them to stop making payments on their mortgage loan while their request for modification was pending. Plaintiffs believe that identifying information about any litigation filed against defendants in which the same situation occurred are relevant to Plaintiffs claims and may lead to discovery of admissible evidence.

First, the Defendant asserts that other law suits are not relevant Plaintiffs' claims, as there are no allegations of fraud. Additionally, punitive damages are no longer at issue in this case after this courts recent dismissal order. This information is simply not relevant to the claims of the party. Second, the Defendant asserts discovery request is too broad and can not be tailored to make them narrow. There is no geographic scope or time limitations. When asked by the Court, Defendant asserts that the relevant time period would be late 2011.

The Court finds that the inquiries regarding similar lawsuits are relevant but that they should be limited in scope. Accordingly, Plaintiff's Motion with respect to Interrogatory 6 and Document Request 24 is **GRANTED in part. The Court will limit the geographic area of the discovery requests to West Virginia and will limit the time period to the five years prior to the institution of this action.** Plaintiff shall file a supplemental response to interrogatory six (6) and request twenty-four (24) under those additional limitations by May 5, 2014.

*C. Document Request #22*

> **Request 22.** All documents setting out defendant's policies and procedures regarding the receipt, organization and preservation of documents submitted by borrowers in connection with requests for mortgage modification, hardship, forbearance or other relief from foreclosure.
> **Defendant's Response:** Wells Fargo objects to this request on the grounds that it is not calculated to lead to the discovery of admissible evidence. Wells Fargo further objects on the basis that the request seeks information which may be of a confidential and proprietary nature in the absence of a protective order. Subject to

4

> these objections, Wells Fargo is producing herewith all documents
> which relate to its actual communications with Plaintiffs.
> **Defendant's Supplemental Response:** [None]

Defendant's counsel represented at the hearing that Defendant has already provided this information to the Plaintiff and that he does not believe that any further policies exist. However, Defendant agrees to specifically check on the reference to document handling contained in the discovery already supplied to Plaintiff to see if there is any additional material that should be supplemented to this request.

The court finds that the Defendant has agreed to supplement this request. Accordingly, Plaintiff's Motion with respect to Document Request 22 is **GRANTED. Defendant shall supply this supplemental information by May 5, 2014.**

### III.  CONCLUSION

The Plaintiff's Plaintiffs' Motion to Compel Answers to Interrogatories [28] and Plaintiff's Motion to Compel Production of Documents [27] are **GRANTED IN PART**. Defendant is **ORDERED** to supplement its response to document request twenty-two (22) as it represented it would in court and to fully respond to Interrogatory six (6) and Document Request twenty-four (24) limiting the scope of that response to West Virginia and the five years prior to the institution of this action, no later than **May 5, 2014.**

Filing of objections does not stay this Order.

Any party may, within fourteen [14] days of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the District Court Judge of Record. Failure to timely file objections to the Order set forth above will result in

waiver of the right to appeal from a judgment of this Court based upon such order.

The Clerk of the Court is directed to transmit a copy of this Order to parties who appear *pro se* and any counsel of record, as applicable.

**IT IS SO ORDERED**.

DATED: April 22, 2014

                                                                              /s/ *James E. Seibert*
                                                                             JAMES E. SEIBERT
                                                                             UNITED STATES MAGISTRATE JUDGE